## MOULTEN v PENNSYLVANIA RD CO

Ohio Appeals, 9th Dist, Summit Co

No 2870.   Decided Oct 26, 1937

Hutchison & Firestone, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

## OPINION

### By LEMERT, J.

This was an action commenced in the Court of Common Pleas of Summit County, Ohio, by Gertrude Moulten, administratrix of the estate of Frank G. Moulten, deceased, against the Pennsylvania Railroad Co. to recover damages for the alleged wrongful death of her husband.

The amended petition alleged that the decedent was operating a motor vehicle in a westerly direction on a public highway, and that it was struck at a grade crossing by an electric railroad car being operated in a southerly direction. The amended petition charged that the appellee was guilty of negligence in a number of particulars. The case was tried, and at the conclusion of appellant's evidence the court directed a verdict for appellee on the ground of contributory negligence of the deceased.

Appellant in this court makes the following assignments of error:

1. The court erred in sustaining the motion of the defendant-appellee for a directed verdict.

2. The court erred in overruling the motion of the plaintiff-appellant for a new trial.

3. The verdict and judgment are not sustained by evidence and are contrary to law.

4. The court erred in the rejection of evidence offered by plaintiff-appellant to which he duly objected.

We note from the record that the accident which resulted in the death of decedent occurred on the 24th day of March, 1932, at about 11 o'clock A. M. The weather was clear and the pavement dry. The decedent was a man about sixty years of age, and lived on the Graham Road, about a mile east of the crossing where the accident occurred. On the day of the accident, he left his home and was driving his Studebaker automobile in a westerly direction on said road, and said automobile came into collision with a gas electric railroad car. The decedent had lived in this vicinity for many years and was entirely familiar with the crossing, having traveled over it in his automobile on different occasions.

North of the road and right east of the track is a golf course, so that this made a clear space or opening. It is to be noted from the record that if a person is 600 feet east of the crossing on the highway, he could see 293 feet along the track, and if 525 feet over the crossing, he could see 606 feet north along the track from the crossing. As a traveler on the highway approached the crossing from a point 606 feet east of the crossing, he had an increasingly better view of the track north of the crossing; so that the record discloses that the decedent had a clear view of the railroad track for a long distance before he approached the same.

From a careful reading of the record in this case, we observe that the decedent had lived in the immediate vicinity of this crossing for a period of thirteen years and had frequently traveled over the crossing on different occasions, and that there were signs there indicating the presence of the crossing; and there was no other traveler on the highway at the time that this accident happened to interfere with the view of the crossing by the decedent.

The evidence discloses that whistle signals were sounded by the gas electric car as it approached the crossing, starting from a quarter of a mile north of the crossing and continuing up to the time of the collision. The decedent did not stop his automobile before approaching the same at a speed of 20 to 25 miles per hour, up until the time of the collision.

It is claimed on behalf of appellant that it is to be presumed that the decedent looked and listened before he approached the crossing. In view of the record in this case, we find that such claim is without merit, for the reason that if the decedent had looked and listened he could have seen and heard the approaching electric car.

The appellant's own evidence in the record before us shows as a matter of law that decedent himself was guilty of negligence which directly and proximately contributed to the collision and resulted in his death. **D., T. & I. Rd. Co. v Rohrs, 114 Oh St 493; Toledo Term. Rd. Co. v Hughes, 115 Oh St 562; B. & O. Rd. Co. v Heck, Admrx., 117 Oh St 147.**

Likewise, the law in Ohio as to the effect of failure of a traveler on the highway to comply with the duty of such traveler approaching or going on a railroad crossing is well established in the case of the **Pennsylvania Rd. Co. v Rusynik, 177 Oh St 530.**

It is well settled that where the testimony

of the plaintiff raises a clear presumption of negligence on his part  which directly contributed to his injury, and no testimony is offered by him tending to rebut that presumption, it is the duty of the trial court to sustain a motion by the defendant, made at the conclusion of plaintiff's evidence, to direct a verdict, and a refusal to sustain such motion is error.

Where, in an action for negligence, a motion is made for a directed verdict in defendant's favor at the close of plaintiff's evidence on the ground that plaintiff's evidence raises a presumption of contributory negligence, the issue raised by such motion may require that plaintiff's evidence be given the most favorable interpretation; but if such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part directly contributing to the injury, and defendant's conduct is not shown to be wilful or malicious, and plaintiff is not aided by any other evidence in the case, it becomes the duty of the court to direct a verdict.

We are clearly of the opinion that the action of the trial court in directing a verdict for appellee was clearly justified as well as required under the law and the evidence in this case, so, entertaining these views, we deem it unnecessary to pass upon other assigned errors in this case.

The judgment of the court below will be and the same is hereby sustained. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.